UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILMER ANTHONY SEGUE, III | CIVIL ACTION |
| VERSUS | NO. 14-2842 |
| DAVID P. CAROLLO ET AL. | SECTION "N" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Wilmer Anthony Segue, III, is a prisoner currently incarcerated in the St. Tammany Parish Jail in Covington, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Attorney David P. Carollo, the St. Tammany Parish District Attorney's Office, Detective Brian Brown, Belinda Seals and Kiana Robertson. Segue alleges that his attorney, Carollo, lied to him and caused him to enter a guilty plea that resulted in an unfair sentence. Record Doc. No. 1 (Complaint).

Plaintiff's complaint states in pertinent part the following:

> Located in case file 2:14-CV-01918-JCZ is a letter from David P. Carollo law firm that says he reviewed my case and can help provide evidence that could help me. . . . [Carollo] [f]ailed to contact Sabrina Hamilton a key witness to testify on my behalf . . . against my accusers Jyreiel Donaldson and her mom Belinda Seals. David and I got into an argument (sic) Nov 6, 2013. We were ask[ed] to be excused by Judge P. Garcia. David told me that if I didn't take a plea deal I would get more time. I have written multiple complaints against David Carollo and his law firm to the Office of the Disipilnary (sic) counsel for ineffective counsel, and violation of my 6th Amendment. I did a motion for reconsideration of sentence located on File 2:14-CV-01918-JCZ to P. Garcia. David Carollo allowed the courts to sentence me to 5 years for carnal knowledge of a juvenile. He lied to me and took my family away from me. What David Carollo is doing is lying to his clients saying that he can help, he tells them that

they have to take a plea deal and sign your rights away so it looks legal for his law firm. Then he brags about putting you in jail to his next client . . . .

Id., Statement of Claim at p. 5.

In addition to his claims against his attorney, plaintiff asserts that the St. Tammany Parish District Attorney's Office registered him as a sex offender before he was convicted, as evidenced by a letter provided to him by his son's school on November 1, 2013, when he "wasn't convicted until Nov 6, 2013." Id., Additional Statement of Claim; Record Doc. No. 1-1 pp. 17-18.

Plaintiff further claims that Detective Brown posted negative comments on the internet "about [him] and his kids" and their cake business and that defendant Robertson sent an email to Brown concerning plaintiff's "'methods of seeking these female juveniles.'" Plaintiff asserts that "an email to [defendant] Belinda Seals from J's Cakes-N-More confirming her cake order" and his resume proving that he "attend[ed] Nunez College for business as a pastry chef," etc., "discredits all the internet post[s] and Kiana Robertson's email." Id., Additional Statement of Claim; Record Doc. No. 1-1 at pp. 27-28).

In the relief section of his complaint, Segue seeks "[j]ustice against David P. Carollo and his law firm for pain and suffering," release from the St. Tammany Parish Jail and a monetary award against the District Attorney's Office "for telling me I had to register as a sex offender for a lifetime," and against defendants Brown, Robertson and

Seal because they "hurt my business and reputation as a cake decorator." Id. (Statements of Claim; Record Doc. No. 1 at p. 5; Record Doc. No. 1-1 at pp. 17 and 27). In his subsequent written submissions to the court, plaintiff again requests that the charges against him be dropped, that he be released immediately from the St. Tammany Parish Jail and given "a court date for the awarded Judgement." Record Doc. Nos. 4 and 5.

Segue asserted vague and unclear claims against several of these same defendants, David P. Carollo, the District Attorney's Office, Detective Brian Brown and Nurse Belinda Seals, in an earlier filed case in this court. Wilmer Anthony Segue, III, v. District Attorney's Office et al., C.A. No. 14-1918 "A"(5). On October 1, 2014, almost four months before Segue filed the instant lawsuit, that earlier case was dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as legally frivolous and/or for failure to state a claim. Id., Record Doc. Nos. 4-6.

## ANALYSIS

I.  SCREENING AND STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners

must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section

4

1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).  An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

Duplicative and repetitive lawsuits are malicious for purposes of 28 U.S.C. § 1915(e)(2)(B)(i) and must be dismissed for that reason.  Potts v. Texas, No. 08-41177, 2009 WL 3806073, at *1 (5th Cir. Nov. 13, 2009) (citing Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).

> Courts may appropriately dismiss an in forma pauperis action as frivolous, when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the in forma pauperis plaintiff." . . . In Pittman, the Fifth Circuit Court of Appeals noted that Wilson [v. Lynaugh] "essentially held that pauper status does not entitle a plaintiff to avoid the ordinary rules of res judicata." The Circuit then agreed that a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Reading Pittman and Wilson in conjunction, it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of res judicata, whether or not the prior litigation has ended unsuccessfully for the plaintiff.
> It is well-settled that "res judicata bars all claims that were brought or could have been brought based on the operative factual nucleus." A complaint is thus malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation.

McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *1-2 (N.D. Tex. June 6, 2003) (Ramirez, M.J.) (quoting Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989); Pittman, 980 F.2d at 994, 994-95; Ellis v. American Express Life Ins. Co., 211 F.3d 935, 938 n.1 (5th Cir. 2000)), report & recommendation adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003) (Kinkeade, J.); accord Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1026 (5th Cir. 1993).

In this case, plaintiff's Section 1983 complaint, construed broadly,[1] must be dismissed under 28 U.S.C. § 1915(e) as legally frivolous on a variety of grounds. In addition, the habeas corpus aspects of plaintiff's claim should be dismissed without prejudice as duplicative and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## II.   TWO DEFENDANTS ARE NOT STATE ACTORS

Defendant David Carollo, sued in this action under Section 1983, is an attorney who allegedly represented or was retained to represent plaintiff in his state court criminal proceedings. Although otherwise unidentified, it appears that defendant Kiana Robertson is a private person who sent information about Segue concerning his alleged contact with female minors to the police in connection with his criminal case. Record Doc. No. 1-1 at p. 28.

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

To be successful under Section 1983, a plaintiff must establish that a defendant has acted under color of state law in violating his rights. Daniels v. Williams, 474 U.S. 327 (1986). To state a claim under Section 1983, a plaintiff must show (1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law. James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008); Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Mississippi Women's Med. Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989). Thus, plaintiff must show that Carollo's actions are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988); accord Johnson ex rel. Wilson v. Dowd, 305 Fed. Appx. 221, 2008 WL 5212795, at *2 (5th Cir. 2008); Cornish v. Correctional Servs. Corp., 402 F.3d 545, 549 (5th Cir. 2005).

The law is clear that under no circumstances can these defendants, a private attorney who represented or was retained to represent Segue in his criminal case, and a private individual who provided information concerning the case, be considered a state actor for Section 1983 purposes as a matter of law. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Small v. Dallas County, 170 Fed. Appx. 943, 2006 WL 925500, at *1 (5th Cir. 2006) (citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (private attorney)); Mills v. Criminal Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988)); Lavergne v. Martinez, No. 13-CV-2121, 2014 WL 897837 at *4 (W.D. La. March 6,

2014) (complaining witness); Shadley v. Biloxi Police Dept., No. 08-CV-0083, 2008 WL 4861984 at *2 (S.D. Miss. Nov. 10, 2008) (same). Because neither defendant is a state actor, plaintiff's Section 1983 claims against them have no basis in federal law, and they must be dismissed because Segue has failed to state a cognizable claim against them.

III.    HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

Read broadly, Segue's complaint seeks declaratory, injunctive and monetary relief arising from alleged constitutional deficiencies in his state court arrest, imprisonment and criminal prosecution. In this regard, Segue is attempting to reassert the same claims against some of the same defendants that have already been asserted and rejected in his earlier filed case in this court. Wilmer Anthony Segue v. District Attorney's Office et al., C.A. No. 14-1918 "A"(5), Record Doc. Nos. 4-6. Thus, insofar as his current complaint asserts the same claims, it must be dismissed as duplicative and malicious. Potts, 2009 WL 3806073, at *1 (citing Pittman, 980 F.2d at 994-95); Bailey, 846 F.2d at 1021).

However, even if plaintiff's claims were not duplicative of his previously filed case, all such claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed,

expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in <u>Heck</u> concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied <u>Heck</u> in cases in which the plaintiff seeks injunctive relief. <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement. <u>Heck</u>, 512 U.S. at 479 (convicted prisoner's Section 1983 action for damages barred because it challenged the conduct of state officials who allegedly "'had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved

[petitioner's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial."); Ruiz v. Hofbauer, 325 F. App'x 427, 431 (6th Cir. 2009), cert. denied, 130 S. Ct. 413 (2009) (Section 1983 claims were barred when convicted inmate alleged that defendants violated his civil rights "to maliciously prosecute plaintiff by tampering with 'Brady exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold it from palintiff [sic] during the course of the malicious prosecution."); White v. Fox, 294 F. App'x 955, 958 (5th Cir. 2008) ("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on those charges."); Penley v. Collin County, 446 F.3d 572, 573 (5th Cir. 2006) ("To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned.").

Segue's complaint indicates that he was arrested on March 7, 2013; that he was scheduled for trial the week of November 4, 2013, and convicted November 6, 2013; and that at the time of filing this complaint, he was in custody in the St. Tammany Parish Jail. Record Doc. No. 1 (Complaint, ¶ III. A. at p. 3); Record Doc. No. 1-1 at pp. 17, 19. Neither his arrest and guilty plea nor his resulting confinement have been set aside in any

of the ways described in Heck. Thus, any claims for relief that he asserts, challenging his confinement, are premature and must be dismissed under Heck. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## IV. HABEAS CORPUS CLAIMS

As noted above, Segue's complaint in part challenges the very fact and duration of his confinement in connection with his conviction. Although his complaint is styled as a civil rights action and was filed on a "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," he clearly challenges the validity of his present confinement and seeks his release. His Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Segue filed his complaint on a form

reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

 A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

 "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Segue does not allege and there is no proof that he has exhausted his state court remedies in connection with his present incarceration. Furthermore, research by staff of the undersigned magistrate judge with the Louisiana Supreme Court clerk's office indicates that Segue has <u>not</u> sought review of the validity of the subject confinement in the Louisiana Supreme Court. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to require him to pursue state court remedies concerning his criminal conviction, before returning to this court with a properly filed habeas corpus petition <u>after</u> he has exhausted his state court remedies.

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as malicious and duplicative under 28 U.S.C. § 1915(e)(2)(B)(i), legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), or under <u>Heck</u>.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in plaintiff's 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to Segue's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

          New Orleans, Louisiana, this   31st    day of March, 2015.

                                            JOSEPH C. WILKINSON, JR.
                                            UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.